UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE Division

RECEIVED
UNION CORRECTIONAL INSTITUTION
DEC 01 2016
BY: _____
FOR MAILING

## CIVIL RIGHTS COMPLAINT FORM

SHANE Quint. WHIPPLE #543282

CASE NUMBER: 3:16-CV-1502-J-32MCR
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

FLORIDA DEPARTMENT OF CORRECTIONS, Julie Jones Secretary
Sergeant. E. CANIDA, E.J., CEJ06, Sergeant
Officer CORNWALL, Correctional officer
STEVEN J. LOLA, Lt. LSJ II supervisor Team member

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

CLERK, US DISTRICT
MIDDLE DISTRICT OF FL
JACKSONVILLE
2016 DEC -5 PM 3:14
FILED

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I. **PLACE OF PRESENT CONFINEMENT:** UNION CORRECTIONAL INSTITUTIONAL T.C.U. V-dorm
(Indicate the name and location)

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**: Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

See Exhibit A — J attached

III. **PREVIOUS LAWSUITS:** Pending §1983 Amended complaint Case No. 3:16-CV-00936 MMH-MCR

DC 225 (Rev 2/2012)

1

A. Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

B. Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

    Plaintiff(s): SHANE Q. WHIPPLE

    Defendant(s): Florida Department of Corrections, Julie Jones (Amended) et. al, case: 3:16-CV-00936-MMH-MCR

2. Court (if federal court, name the district; if state court, name the county):

    Middle District of Florida

3. Docket Number: Case No: 3:16-CV-00936 MMH-MCR How. Amendend complaint

4. Name of judge: MONTE C. RICHARDSON

5. Briefly describe the facts and basis of the lawsuit: Florida Department of Corrections et al motivated by intent to retaliate against me for exercising his 1st Amendment Rights and violated Eighth Amendment Rights of plaintiff by beating.

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

    pending still pending

7. Approximate filing date: 3:16-CV-00936-MMH-MCR

8. Approximate disposition date: UNKNOWN

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

2

DC1 225 (Rev 2.2012)

identify these suits below by providing the case number, the style, and the disposition of each case: _____

_____NO_____

_____NO_____

IV. **PARTIES**: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: SHANE QUINT. WHIPPLE #543282

Mailing address: UNION CORRECTIONAL INSTITUTION P.O. BOX 1000 Raiford, FLorida 32083

B. Additional Plaintiffs: NONE

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Florida Department of Corrections — JULIE JONES

Mailing Address: 501 South Calhoun Street Tallahassee, Florida 32399-2500

Position: Secretary - JULIE JONES

Employed at: Florida Department of Corrections

D. Defendant: SERGEANT E.J. CANIDA

Mailing Address: UNION CORRECTIONAL INSTITUTION P.O. Box 1000 Raiford, Florida 32083

3

DC 225 (Rev 2/2012)

Position: SERGEANT

Employed at: UNION CORRECTIONAL INSTITUTION

E. Defendant: Officer CORNWALL

Mailing Address: UNION CORRECTIONAL INSTITUTION P.O. BOX 1000 Raiford, Florida 32083

Position: Correctional Officer

Employed at: UNION CORRECTIONAL INST.

F. Defendant: STEVEN J. LOLA

Mailing Address: UNION CORRECTIONAL INST. P.O. BOX 1000 Raiford, Florida 32083

Position: Lt. Supervisor - Team MEMBER

Employed at: UNION CORRECTIONAL INST.

G. Defendant: ~~XXXXX~~

Mailing Address: ~~XXXXX~~

Position: ~~XXXXX~~

Employed at: ~~XXXXX~~

V.  **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form. A-D attached.

A) Defendants caused Unnecessary and wanton infliction of pain. Defendants deliberately picked the Plaintiff up off of "T-wing mental Health dorm dayroom floor" after Plaintiff "passed out" on camera on T-dorm dayroom floor, and defendants carried plaintiff off of dayroom floor, off camera, to a room where defendants USED "EXCESSIVE FORCE" causing Plaintiff harm.

Part V. - continued -

VI.  **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

On June 10, 2016 at 10:30 A.M. in T-dorm "mental Health Treatment" "dorm" Sergeant E. J. CANION, and Correctional Officer Cornwall, picked up Plaintiff, off of camera in T-dorm, T-2, and carried Plaintiff off of camera's view, to "deliberately cause pain and injury to the Plaintiff, Shane G. WHIPPLE, for several minutes off of camera view and without medical attention. "Excessive illegal USE OF FORCE" is the motive to moving Plaintiff off of T-2 dayroom floor. Motivation, to deter Plaintiffs Mental Health treatment,

5

DC 225 (Rev 2/2012)

-Continued-            **Relief Requested B) and C)**

**V. Statement of Claim:** B) Plaintiff seeks a Jury Trial.

C) Plaintiff requests $1,000,000 million in damages for pain and suffering in jury. $1,000,000 for mental Health pain after physical injury pain.
D) Plaintiff was carried off of wing 2 day room floor in T-2 dorm to a side room off of camera and audio, where defendants dropped Plaintiff on Plaintiff's face causing injury and pinched Plaintiff with "extreme" pressure and tortured Plaintiff by pinching and laying on Plaintiff off of camera. Camera in T-dorm day room is evidence to this motivated attack against Plaintiff after Plaintiff passed out on day room in T-dorm and "no" medical attention and/or prompt medical examination, "was not" given, and Plaintiff was not treated for the "Excessive illegal" USE OF FORCE."

1) Petitioner contends that this action was deliberately done with malicious intention to cause deprivation of Plaintiff's first Amendment rights and to deter Plaintiff's right to Mental Health Treatment. 2) Also Defendants falsified Disciplinary Reports in bad Faith and "not" to restore discipline. 3) Also, violating Plaintiff's "Eighth Amendment" right to protection from cruel and unusual punishment. 4) Plaintiff was injured on head and face physically without treatment from medical. Plaintiff's suffers mental and emotional distress

6

False Disciplinary Reports to erase from Plaintiff, with-holding facts, not to maintain any Good faith punishment, because False Disciplinary Reports were not to restore discipline or order. Plaintiff requested video and audio on "False Discipline Reports," and did not get a hearing according to Chapter 33-103.F.A.C. and Lt. LOLA, Steven J. Refused Plaintiff a "Good Faith" Hearing on 07-01-2016. Lt. LOLA, was part of punishment to Plaintiff, causing Plaintiff further harm on later dates.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 1st day of December, 2016.

Shane Q Whipple

(Signatures of all Plaintiffs)

MARCOS IVEY
MY COMMISSION # FF 970713
EXPIRES: March 13, 2020
Bonded Thru Budget Notary Services

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☐ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the _____ day of _____, 20___.

DC 225 (Rev 2/2012)

7